GILLESPIE, Presiding Justice.
This is an appeal from the judgment of the Circuit Court of Jackson County, Mississippi, in favor of plaintiff-appellee against defendant-appellant in a personal injury case. Plaintiff was driving his pickup truck west along old U. S. Highway 90 within the city limits of Moss Point. It collided with defendant’s locomotive at a point where the railroad switch tracks from the woodyard of the International Paper Company cross the highway. The woodyard is bounded by a six to eight foot high Cyclone fence which runs parallel to and within a few feet of the highway. There are two openings in the fence where the railroad tracks from the woodyard cross the highway. At the time of the collision, the locomotive was backing from the woodyard pulling a string of cars. Plaintiff failed to stop at the railroad crossing stop sign and the pickup truck and locomotive collided in the westbound traffic lane of the highway. Appellee suffered extensive injuries and the jury awarded him a verdict of $28,000.
Appellant first assigns as error that the verdict of the jury was not supported by substantial competent evidence and was clearly contrary to the great weight of the evidence. Whether the locomotive’s whistle was being blown or bell was ringing as required by statute was in sharp dispute. Appellee testified that he did not hear a whistle or bell. Huey Freeman was about 150 feet from the crossing at the time of the collision and testified that he did not hear the whistle or the bell. James Sims was walking along the highway about 100 feet from the crossing at the time and did not hear the whistle or the bell. Appellant offered several witnesses who testified that the engineer did blow the whistle and sound the bell. This conflict made an issue for the jury to determine.
*544 Appellee also contends that appellant was negligent in failing to keep a proper lookout as the crossing- was approached. The locomotive engineer testified that he looked to see if the crossing was clear and then “wheeled around” just as the train got to the edge of the highway to catch a signal from his brakeman, who was on a car which was then well inside the woodyard. As he wheeled back around he saw the truck on the crossing out of the corner of his eye. The jury was justified in finding that the engineer failed to keep a proper lookout.
It is undisputed that appellee failed to stop at the crossing. He testified that he looked toward the woodyard but his view was obstructed by the fence and he did not see the locomotive. However, his failure to stop as required by statute does not prevent him from recovering damages where the negligence of the railroad is a proximate cause of the injury. Miss. Code 1942 Ann. § 7776 (1956).
Appellant also contends that the trial court erred in failing to grant appellant’s motion for a mistrial after it was shown that four jurors had read a news article appearing in the afternoon paper on the first-day of the trial. The article stated that this particular suit was being tried for the third time and that in the first trial the jury had awarded a verdict for the plaintiff of $35,000 but the trial judge had sustained a motion for a new trial and the second trial had ended in a mistrial. When this matter was brought to the attention of the trial judge, he questioned the jurors and determined that four had read the article. The trial judge then asked the four jurors if they could disregard the newspaper article and base their decision on the testimony and applicable law. The jurors answered affirmatively. The trial judge in his sound discretion determined that the jury would not be influenced by this occurrence. There is no basis for this Court to hold that there was abuse of discretion.
Finally, appellant argues that the trial court erred in overruling appellant’s motion for a mistrial when exceptions were noted to statements of opposing counsel in his argument to the jury. The record shows that the statement was made: " * * * who can best afford it, him or the railroad?” Appellant’s objection was sustained but his motion for a mistrial was overruled. We do not have the context in which this statement was made. We are unable to say that the trial judge erred in not sustaining the motion for a mistrial.
Appellant raises questions about the instructions which do not justify discussion.
In our opinion the record does not reveal reversible error.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.